UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAN WING LAM, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-096 |
| | § | |
| DHS-ICE–PORT ISABEL | § | |
| DETENTION CENTER, | § | |
| Respondent. | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the Court is Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Moot (hereinafter, Respondent's "Motion" or "Motion to Dismiss"). Dkt. No. 9. For the reasons provided below, it is recommended that the Court **GRANT** Respondent's Motion, and **DISMISS** Man Wing Lam's 28 U.S.C. § 2241 Petition.

## I. Background

On June 18, 2018, Petitioner Man Wing Lam filed a pro se 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (hereinafter, Lam's "Petiton"). Dkt. No. 1. Lam's Petition states that he has been detained in the custody of the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") at the Port Isabel Detention Center for more than six months. *Id.* at 6. He claims his detention is presumptively unreasonable and a violation of his rights. *Id.*

at 6-7. He seeks release from custody, attorney's fees, court costs, a preliminary and permanent injunction prohibiting future unlawful detention, and any other relief the Court deems justified. *Id*. at 7.

On August 20, 2018, Respondent filed its instant Motion to Dismiss, arguing that Lam's Petition should be dismissed as moot. Dkt. No. 9. Respondent states that Lam was released from custody on July 14, 2018. *Id*. at 1, 4 (citing Dkt. No. 9-1 at 2). As Lam's Petition only challenges his physical detention and potential future detention, and not the terms of his release, or any other collateral consequence of his detention, Respondent contends that Lam's Petition should be dismissed because it does not present a live case or controversy. *Id*. at 3-5. Lam has not responded to Respondent's Motion to Dismiss.

## II. Discussion

Respondent has provided a signed, sworn declaration stating that Lam "was released from the Port Isabel Detention Center on July 14, 2018, and is no longer in ICE's custody." Dkt. No. 9-1 at 2. Lam's Petition challenges his physical detention, and not the terms of his release, or any other collateral consequence of his detention. Dkt. No. 1 at 1-7. To the extent that Lam's Petition seeks to prevent future unlawful detention, he has provided no facts or argument to support his request for injunctive relief. *Id*. Further, although he indicates that an immigration judge ordered his removal on March 27, 2017, he has provided no facts to suggest that he will be unlawfully detained in the future. *Id*.

To the extent that Lam's Petition challenges his physical detention, his Petition is subject to dismissal on mootness grounds because he has been released. *See Ramos v. Olivarez*, Civil Action No. B–14–266, 2015 WL 12840469, at *3 (S.D. Tex., July 31, 2015), *report and recommendation adopted,* (S.D. Tex., Aug. 31, 2015) ("Ramos's Petition contests his prolonged detention in ICE's custody, and asks the Court to order his release from that custody. Having been released from that custody, Ramos's Petition and case are now moot and should be dismissed.") (collecting cases). To the extent that Lam's Petition seeks injunctive relief to prevent unlawful detention in the future, his Petition is subject to dismissal because he has failed to support his request with any facts justifying the entry of injunctive relief. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987) (mere possibility of future adverse event or consequence too speculative to give rise to a case or controversy); *Cruz v. Cruz*, 140 F.3d 1037, 1037, 1998 WL 156315, at *1 (5th Cir. March 18, 1998) (unpublished) (live case or controversy is not present when petitioner requests relief from future INS custody). *See also Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("plaintiff must plead specific facts, not mere conclusory allegations" to avoid dismissal); *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992) (same); *Hernandez v. Mapei Corporation*, Civil Action No. 3:17-CV-3515-N-BK, 2018 WL 4189710, at *2 (N.D.Tex., Aug. 10, 2018) ("[R]egardless of whether a plaintiff is proceeding pro se or is represented by counsel, pleadings must state specific, well-pleaded facts, not mere conclusory

allegations to avoid dismissal."). Respondent's Motion to Dismiss should be **GRANTED**, and Lam's Petition should be **DISMISSED**.

### III. Recommendation

It is recommended that the Court **GRANT** Respondent's Motion (Dkt. No. 9), and **DISMISS** Man Wing Lam's 28 U.S.C. § 2241 Petition (Dkt. No. 1).

### IV. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 19th day of September, 2018.

Ignacio Torteya, III
United States Magistrate Judge